United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50271
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTEBAN URQUIDI,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-944-ALL
---------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Esteban Urquidi appeals his conviction for possession of more than 100 kilograms of marijuana with intent to distribute. He argues that the evidence was not sufficient to prove that he knowingly possessed marijuana.

Urquidi failed to renew his motion for a judgment of acquittal at the close of the evidence. When defense counsel fails to renew a motion for a judgment of acquittal, this court reviews challenges to the sufficiency of the evidence to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine whether affirming the conviction would result in a manifest miscarriage of justice. See United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002). This court will find a manifest miscarriage of justice only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking. Id.

Urquidi, a commercial driver, was apprehended after Border Patrol agents discovered 1,854 pounds of marijuana with an estimated value of $1,400,000 in the trailer that he was hauling. Since the evidence does not establish that the marijuana was clearly visible or readily accessible, Urquidi's control of the trailer alone is insufficient to establish knowledge. United States v. Pennington, 20 F.3d 593, 598-99 (1994). "[A]dditional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge is required." United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999). Such evidence "may include nervousness, conflicting statements to law enforcement officials, and an implausible story." Id.

Circumstantial evidence supports the jury's verdict. The substantial value of the marijuana being transported by Urquidi, approximately $1,400,000, is circumstantial evidence that is probative of Urquidi's knowledge. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003). The jury reasonably could have inferred that Urquidi would not have been

entrusted with such valuable cargo if he was not part of the trafficking scheme.  Villarreal, 324 F.3d at 324.

There also was evidence that the bill of lading Urquidi provided to Border Patrol agents had been altered and that the seal recovered from Urquidi's trailer was not placed on the trailer by the company that shipped the windshields, the company from which Urquidi took possession of the trailer, or government officials.  The jury reasonably could have determined that the marijuana was placed into the trailer, that the trailer was sealed, and that the bill of lading was altered after the trailer was in Urquidi's possession.  United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995) (reasonable inferences are to be resolved in favor of the verdict).

Other testimony provides further circumstantial evidence of Urquidi's knowledge.  There was evidence that Urquidi took possession of the trailer at 8:10 p.m. on April 13, 2004.  However, he did not arrive at the Border Patrol checkpoint until 12:20 a.m. on April 14, 2004.  It should have only taken one-and-one-half hours to travel the approximately 90 miles between these points.  Although Urquidi's former employer suggested a legitimate reason for this delay, the jury reasonably could have discredited this testimony.  United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998) (it is not necessary that every reasonable hypothesis of innocence be excluded).

Finally, Border Patrol Agent Joe Navarro indicated that Urquidi was nervous when first stopped and when standing at the back of the trailer.  Given the other circumstantial evidence, the jury reasonably could have interpreted his nervousness as another indication that he knew the marijuana was in the trailer. Ortega Reyna, 148 F.3d at 544.

Based on the foregoing evidence, the jury reasonably could have inferred that Urquidi knowingly possessed marijuana.  See, e.g., Pennington, 20 F.3d at 598-99 (issue is whether jury made a rational decision to convict or acquit based on the evidence). Therefore, the evidence of Urquidi's knowledge is not so tenuous that his conviction is shocking, and affirming his conviction would not result in a manifest miscarriage of justice.  See McIntosh, 280 F.3d at 483.

For the foregoing reasons, Mendoza's conviction is AFFIRMED.